CARLTON B. CALLAWAY, plaintiff in error, *vs.* FREDRICK H. WEST *et al.*, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. A promissory note made and due in 1866, is within the 8th section of the limitation act of 1869, and is governed by the Code.
2. That for a period, beginning after the statute commenced running, and terminating before the bar attached, the note was in the hands of the principal maker as an attorney at law, under his professional engagement to sue it to judgment against himself and his sureties, which engagement he violated, is no reply to a plea of the statute by such principal maker. It is better that the creditor be left to his remedy for the faithless conduct of the attorney, as such, than that the courts should make inroads upon the statute by admitting doubtful exceptions.

Statute of limitations.   Before Judge CLARK.   Lee Supeperior Court.   March Term, 1876.

Callaway brought complaint against West, as principal, and others, as securities, on a note dated July 3d, 1866, and due on the first day of December next thereafter, for $300 00. The precise time when the action was commenced does not appear.   The acknowledgment of service was dated October 18th, 1873.   West pleaded the general issue, payment and the statute of limitations.   No plea appears in the record in behalf of the other defendants.

The plaintiff introduced in evidence the note sued on, with a credit thereon of $100 00, of date September 4th, 1867, admitted to be in the handwriting of West.

The plaintiff testified that this credit had not been placed on the note either by his consent or with his knowledge; that the amount specified therein had never been paid to him.

He further offered to testify that within two years after the maturity of the note, he had placed the same in the hands of the defendant, West, as an attorney at law, to sue to judgment against himself and the securities; that West received the note under an agreement to perform this service, and for that purpose; that plaintiff supposed until within one year before the commencement of this action, that such suit had

been brought; that upon the discovery of this omission he took the note out of the hands of West, where it had remained for two or three years without suit, and placed it in the charge of other counsel for collection. This evidence was excluded and plaintiff excepted.

Plaintiff closed, and the court, on motion, ordered a nonsuit upon the ground that the evidence submitted showed the action to be barred. To this ruling exception was also taken.

LYON & NISBET, for plaintiff in error.

W. A. HAWKINS, for defendants.

BLECKLEY, Judge.

1. It was decided in 49 *Georgia Reports*, 431, that, according to the 8th section of the limitation act of 1869, the Code, unaffected by suspension acts, applied to contracts made after June 1st, 1865. The action in the present case was not brought within six years from the maturity of the note, or from the date of the credit entered in the handwriting of the principal maker. Upon the authority of the decision just cited, the action was barred.

2. The Code, it is true, provides that a fraud on the part of the defendant, by which the plaintiff has been debarred or deterred from bringing suit, makes the period of limitation run only from the time of discovering the fraud: Section 2931. According to the plaintiff's evidence, the rejection of which is complained of, West took upon himself the professional duty of bringing the action, violated that duty, and then pleaded the statute; and, it seems, that the plaintiff was ignorant, for a considerable time, that suit was not brought as he had a right to suppose it would be. There is a strong look of fraud in the showing which the plaintiff makes, and we should deem it sufficient, until answered and contradicted by counter-evidence, if it clearly appeared that the plaintiff was thereby debarred or deterred from suing on the note within time to save his action. But the statute had commenced

to run before the fraud commenced; and, on that side we have the general rule that when the statute has once started it does not stop, except for something not under control of the plaintiff's will. On the other side is the fact that the fraud was discovered before the bar had attached. There was still time for the plaintiff to have saved his action. Why did he not sue then instead of waiting until the whole six years had run out? While this question remains unanswered, we cannot feel authorized to say that the fraud debarred or deterred him. If the matter were less doubtful than it is, we had better leave the plaintiff, as client, to get his proper redress out of the defendant, as attorney, than to trench upon the statute with an exception not quite clear.

Judgment affirmed.