35573. KEEBLER *v.* WILLARD.

TOWNSEND, J. 1. A plaintiff may not show, in a civil action for damages resulting from an automobile collision, that the defendant was adjudged guilty in a traffic court of a violation of law alleged to have proximately resulted in the plaintiff's injuries. *Padget* v. *Williams,* 82 *Ga. App.* 509 (3) (61 S. E. 2d 676). Similarly, a defendant may not offer testimony, under like circumstances, to show that he was not adjudged guilty of such offense. *Clough* v. *Greyhound Corp.,* 91 *Ga. App.* 246 (1) (85 S. E. 2d 476). Accordingly, it was error requiring a reversal to allow the defendant's witness to testify, over objection, that cases made against

persons involved in an accident are listed on the police report of the accident, and that the report of this accident does not show any case made against the defendant for an infraction of any ordinance. Evidence as to whether or not the report showed a case to have been made was accordingly immaterial, and evidence that it did not show a case had been made, although charges would have been so listed if any had been placed, was both irrelevant and hurtful to the plaintiff. The evidence was accordingly not admissible under the exception embodied in Code § 38-703, which provides: "Where either party introduces part of a document or record, the opposite party *may read so much of the balance as is relevant.*" (Emphasis added.) The record of the police officer's report in this case was not introduced in evidence. The plaintiff on cross-examination asked certain questions regarding the contents of the report, and the defendant insists that he was entitled to go into the contents of the report in this manner because the plaintiff had done so. However, the defendant was not seeking to establish the existence of any fact in the report, but was merely seeking to show that certain facts were not included therein, as a basis for the inference that such facts did not exist, in a case where their existence or non-existence was completely irrelevant to the issue being tried.

2. The errors alleged in the remaining special grounds are not likely to recur, and the general grounds of the motion for a new trial are not passed upon as the case is to be tried again.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 1, 1955.

*William A. Thomas,* for plaintiff in error.
*Beck, Goodrich, Goddard & Smalley,* contra.