18875. THE GREYHOUND CORPORATION *v.* CLOUGH.

CANDLER, Justice. 1. This court, in considering the question of the grant of an application for the writ of certiorari, and, if granted in disposing of the case, will consider only the rulings made by the Court of Appeals upon which error is assigned in the application for the writ. Certiorari Rule 45, Code § 24-4549; *Mitchell* v. *Owen,* 159 *Ga.* 690 (127 S. E. 122); *Simpson* v. *Bradley,* 189 *Ga.* 316 (5 S. E. 2d 893); *Galfas* v. *Ailor,* 206 *Ga.* 76 (55 S. E. 2d 582); *Trammell* v. *Throgmorton,* 210 *Ga.* 659 (82 S. E. 2d 140), and citations.

2. The overruling of an objection to the admission of testimony on the ground that it is "irrelevant and immaterial" is not reversible error. *Kirkland* v. *Ferris,* 145 *Ga.* 93 (88 S. E. 680); *Richardson* v. *John Hancock Mutual Life Ins. Co.,* 167 *Ga.* 340 (145 S. E. 448); *Pippin* v. *State,* 205 *Ga.* 316 (6) (53 S. E. 2d 482); *Middleton* v. *Waters,* 205 *Ga.* 847 (55 S. E. 2d 359). In *Middleton's* case, where there was an objection to the admission of certain documents on the ground that they were "irrelevant, immaterial, and illustrative of no issue in said case, but tended to confuse the issues," we unanimously held that the objection was too general to present anything for consideration.

3. Since no valid objection was made to the admission of the testimony complained of when it was offered on the trial, it necessarily follows that the ruling of the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*

ARGUED APRIL 12, 1955—DECIDED MAY 9, 1955.

*Gambrell, Harlan, Barwick, Russell & Smith, James C. Hill,* for plaintiff in error.

*A. Walton Nall, A. Paul Cadenhead,* contra.