21757. WEBB et al. v. McDANIEL.

Submitted September 11, 1962—Decided October 4, 1962.

*Herbert Edmondson, Mark Donahoo,* for plaintiff in error.

*Guy B. Scott, James B. Arnold,* contra.

MOBLEY, Justice. ■ The motion to amend the bill of exceptions to add the named persons as plaintiffs in error is granted. A bill of exceptions may be amended in this court by the record so as to include as plaintiffs in error the names of all necessary or proper parties who might have been joined with the party excepting. *Bowen v. Holland,* 182 Ga. 430 (1) (185 SE 720).

■ *Code Ann.* § 113-909 provides as follows: "The right of inheritance is hereby denied any person who shall, with malice aforethought, kill any other person, or who shall conspire with another to kill or who shall procure another to kill any such person. This denial to inherit shall include any property which the person so killing would otherwise have inherited, whether real, personal or mixed, or any part thereof, belonging to such deceased person at the time of death, or any property which the person so killing would take by deed, will, or otherwise, at the death of the deceased; and all right, interest, and estate in and to said property shall go to such other heirs as may be entitled thereto by the laws of descent and distribution, or by will, deed, or other conveyance duly executed by the deceased in his or her lifetime. For the purpose of determining the descent and distribution through such person so killing, he shall be treated as though he had predeceased the person so killed. No provision of this section shall apply to any such killing as may be done by accident or in self-defense."

The general rule in this country is that the record in a criminal prosecution is no bar to a subsequent civil action arising from the same occurrence, and is not competent evidence in the civil action. 30A Am. Jur. 512, Judgments, § 472. This is the rule in Georgia. *Cottingham v. Weeks,* 54 Ga. 275; *Tumlin v. Parrott,* 82 Ga. 732 (2) (9 SE 718); *Southern Bell Tel. &c. Co. v. Cassin,* 111 Ga. 575, 609 (36 SE 881, 50 LRA 694); *Seaboard Air-Line R. v. O'Quin,* 124 Ga. 357 (3) (52 SE 427, 2 LRA (NS) 472); *Powell v. Wiley,* 125 Ga. 823 (1) (54 SE 732); and see *Duncan v. State,* 149 Ga. 195, 200 (99 SE 612). The reasons for the rule were enunciated in the *Cottingham* case, supra, as follows: "It [the subsequent civil action] is not between the same parties; different rules, as to the competency of witnesses and as to the weight of evidence necessary to the finding, exist. Besides, the present plaintiff was in no sense a party [to the criminal prosecution]; she had no part nor lot in it; she could not even examine or cross-examine a witness."

In the present civil action a finding by a preponderance of the evidence that the defendant had with malice aforethought killed his wife and thereby forfeited his right of inheritance would be wholly consistent with the finding that the State had failed to prove beyond a reasonable doubt that the defendant had with malice aforethought killed his wife and thus was not guilty of murder. Certainly, therefore, the acquittal in the criminal proceeding should not bar the present civil action.

The case of *Duncan v. State,* 149 Ga. 195 (99 SE 612), where the court held the record of acquittal of the criminal charge of illegal possession of liquor seized in an automobile was admissible in proceedings to forfeit the automobile is distinguishable, for there the criminal and civil proceedings were between the same parties, the State and the defendant.

The trial court erred in overruling plaintiffs' general demurrer to the plea of res judicata, in admitting the copy of the indictment and verdict of not guilty, and in sustaining the plea of res judicata and dismissing the plaintiffs' petition.

*Judgment reversed. All the Justices concur.*