### 39983.   EPSTEIN v. ALLEN.

CARLISLE, Presiding Judge. This is a suit in bail trover which was tried before the court without a jury. The only question for determination by this court is whether or not the evidence supports the judgment rendered for the defendant. It is well settled that, to support an action of trover, the plaintiff must show either title in himself at the time the suit was

commenced, prior possession, or the right of possession. *Southern R. Co. v. Strozier & Waters,* 10 Ga. App. 157 (73 SE 42); *Livingston v. Epsten-Roberts Co.,* 50 Ga. App. 25 (177 SE 79). The plaintiff here produced an undated instrument conveying title to the automobile sued for which instrument had been assigned to plaintiff. Plaintiff testified that this assignment was made subsequently to institution of the trover action. This evidence authorized the judge, as the trior of the facts, to find that the plaintiff did not have title to the property at the time the action was brought, although the assignment was dated prior to the date on which the petition was filed. See *Mutual Fertilizer Co. v. Henderson,* 18 Ga. App. 495 (89 SE 602). The record further reveals a bill of sale to the defendant and conflicting evidence of possible title in a fourth party. Testimony showing the defendant's continuous possession of the property is undisputed and the plaintiff's evidence certainly did not demand a finding that he was entitled to immediate possession. The judgment was amply supported by the evidence, and the trial court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Bell and Hall, JJ., concur.*

DECIDED APRIL 4, 1963.

*Heyman, Abram, Young, Hicks & Maloof, Robert E. Hicks,* for plaintiff in error.

*Kanes, Benator & Lambros, Nick G. Lambros,* contra.