### 50113. ABERCROMBIE v. MURRAY.

EVANS, Judge.

Samuel Murray purchased a rebuilt van trailer in Arkansas from George DeShong.

Murray went to get the trailer in Arkansas, but found it in possession of one Doug Caudell in Illinois. Instead of telling Caudell that he claimed title to the trailer, and right of possession, Murray rented the trailer from Caudell; and without Caudell's knowledge, brought the trailer to Douglasville, Georgia.

Caudell finally located the trailer in Douglasville, and swore out a warrant for Murray's arrest for stealing the trailer, and *requested* the sheriff to seize and take possession of the trailer. Subsequently, the sheriff delivered possession of the trailer to Caudell upon his giving bond for $10,000.

In serving the criminal warrant for stealing the trailer, the sheriff was without any authority whatever to seize the trailer, and was likewise without authority to deliver it over to Caudell upon his giving bond. The sheriff seems to have treated the warrant in this respect as a possessory warrant or bail-trover action, which it was not.

Murray filed suit in trover against Claude Abercrombie, Jr., as Sheriff of Douglas County. The sheriff denied plaintiff's ownership or right of possession, and plaintiff moved for partial summary judgment which motion was denied. This court affirmed the lower court in *Murray v. Abercrombie,* 125 Ga. App. 742 (188 SE2d 923), holding the questions raised should be decided by a jury.

The case was then tried before a jury, and verdict was rendered for the plaintiff against the sheriff, who moved for new trial. Motion for new trial was denied and the sheriff appeals. *Held:*

1. In trover, plaintiff must show either title in himself at the time the suit was commenced, prior possession, or right of possession. *Sellers v. Sellers,* 76 Ga.

App. 410 (1) (46 SE2d 205); *Raines v. Graham,* 85 Ga. App. 815 (1) (70 SE2d 125); *Borochoff Prop. v. Howard Lumber Co.,* 115 Ga. App. 691, 694 (155 SE2d 651).

2. The trover action was filed and served on February 3, 1971. At the trial, plaintiff produced certified copies of a certificate of ownership in California dated 2-26-68, in the registered name "Green Thumb Equipment Leasing," and Community Bank as legal owner; affidavit of repossession by Community Bank on January 15, 1969, and sale on that date to George De-Shong; and an Arkansas title certificate dated April 28, 1969, issued to DeShong; which shows same was sold to plaintiff on June 7, 1970. A copy of the bill of sale from DeShong to plaintiff is also in evidence *dated 23 December 1968.* All of the foregoing title papers pre-date the trover action.

Defendant contends the discrepancies in the papers are sufficient to show that plaintiff did not have title at the time the trover action commenced, but these questions were for a jury to determine. In the case cited by defendant, to wit, *Epstein v. Allen,* 107 Ga App. 578 (130 SE2d 811), the trior of facts was authorized to find plaintiff did not have title to the property at the time the trover action was instituted.

3. We cannot lend sanction to the method employed by Murray to get possession of the trailer in Illinois and bring it to Georgia. He went to Caudell who was in possession of the trailer, and instead of demanding his trailer, and then litigating the question of title upon refusal, he used a subterfuge by renting a truck (and this trailer), and then bringing it to Georgia without Caudell's knowledge or consent. If this were an equity case, perhaps the doctrine of "clean hands" would militate strongly against Murray's position. But this is an action at law — not in equity — and the issue is limited as to whether plaintiff Murray should prevail in the Georgia trover action, or whether Sheriff Abercrombie should prevail therein. Sheriff Abercrombie had no title or right of possession whatever, as the only process in his hands was a criminal warrant, which he had used to seize the property and then turn same over to Caudell, all of which was without authority of law. On the other hand, plaintiff

Murray clearly proved his prior possession, right of possession and title prior to the date of institution of the trover action, and the only legal verdict that could be rendered was one awarding the property to the plaintiff.

See *Powell v. Riddick,* 89 Ga. App. 505, 508 (80 SE2d 70); *Tippins v. Lane,* 184 Ga. 331 (2, 3) (191 SE 134).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED MARCH 6, 1975.

*James, Johnson & Pitts, J. Clifford Johnson,* for appellant.

*Paul R. Koehler,* for appellee.