## 52969. KEATING v. DEPARTMENT OF NATURAL RESOURCES.

MCMURRAY, Judge.

This is a claim case for the value of certain shrimp seized from Keating, who is designated as plaintiff, thereafter confiscated and sold by the State Game and

Fish Division, Georgia Department of Natural Resources. Keating had been charged with the offense of commercial shrimping with power-drawn nets in closed waters. The State Game and Fish Division admits that it confiscated all the shrimp on plaintiff's boat as contraband but denied the allegations of value. Defendant contends the shrimp confiscated were contraband that were properly sold under Code § 45-537 (Ga. L. 1956, pp. 590, 599; 1970, p. 466) (Note: This offense occurred on February 1, 1975, and the statute has been again amended effective April 24, 1975. See Ga. L. 1975, p. 1288).

Defendant moved for summary judgment based upon the affidavit of a conservation ranger setting forth facts that he had *arrested* the plaintiff in the waters of St. Andrews Sound, Camden County, Georgia, on February 1, 1975, and *charged* him with the offense of commercial shrimping with power-drawn nets in closed waters in violation of Code § 45-905 as amended by Ga. L. 1974, p. 1170; that he had *seized* the shrimp on board and the same being perishable were *sold* for $829.21; and that plaintiff was *convicted* as above charged of a misdemeanor.

This motion was denied.

At the trial the court allowed the defendant to move for a reconsideration of the motion for summary judgment. Instead of a trial, the court vacated the earlier denial of the motion for summary judgment and proceeded to rehear the motion on oral testimony of certain witnesses in reconsideration of the motion for summary judgment. The court then granted the motion, holding that if a commercial fishing vessel is found in the process of taking shrimp in violation of the laws relating to commercial shrimp, all shrimp on board the vessel are illegally possessed and subject to seizure by the state. Plaintiff appeals. *Held:*

1. Oral testimony may be allowed on motion for summary judgment where both parties agree and the lower court directs that the motion be heard wholly or in part on oral testimony or deposition, and proper notice is given that the motion for summary judgment will be heard on oral testimony. See in this connection *Johnson v. Aetna Finance, Inc.,* 139 Ga. App. 452 (228 SE2d 299); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (3) (166

SE2d 593). The court erred in calling this case for trial and after vacating the denial of the motion for summary judgment proceeding to hear oral testimony in further consideration of the motion for summary judgment. The entire hearing after the order denying summary judgment was vacated, was a nullity.

2. But counsel for the department argues that the doctrine of collateral estoppel (or estoppel by judgment) should apply, and the plaintiff having been convicted of shrimping could not contend the shrimp were not contraband. There are several answers to this. First, the shrimp found on board may not have been caught in the sound at all. Second, there exists no estoppel. These parties are not the same, nor is the subject matter. See *Brown v. Brown,* 212 Ga. 202, 204 (91 SE2d 495); *Banks v. Employees Loan &c. Corp.,* 112 Ga. App. 38, 39 (143 SE2d 787). The criminal action is brought by the entire State of Georgia, whereas, an agent of the state, or a department, division, or agency of the state allegedly is withholding plaintiff's claimed property seized as contraband. This suit is a civil one as a claim by plaintiff and a response by the party holding the shrimp, or value, now the Department of Natural Resources, Game and Fish Division, although the funds were paid into court.

The resulting conviction cannot be used to prove that the shrimp taken is not the property of the plaintiff but is contraband. The general rule in this state is that the criminal conviction is no bar to a subsequent civil action arising from the same occurrence and is not competent evidence in such civil action. *Webb v. McDaniel,* 218 Ga. 366 (2) (127 SE2d 900); *Keebler v. Willard,* 91 Ga. App. 551 (1) (86 SE2d 379); *Smith v. Goodwin,* 103 Ga. App. 248, 249 (3) (119 SE2d 35); *Crawford v. Sumerau,* 100 Ga. App. 499 (2) (111 SE2d 746). Aliter where there has been a plea of guilty (an admission against interest). See *Akin v. Randolph Motors, Inc.,* 95 Ga. App. 841 (5) (99 SE2d 358); *Lumpkin v. American Surety Co.,* 69 Ga. App. 887-899 (27 SE2d 412).

3. The evidence heard on the original motion for summary judgment was insufficient to grant same since the statute (Code Ann. § 45-537; Ga. L. 1956, pp. 590, 599; 1970, p. 466) and the evidence was insufficient to prove as

a matter of law that all shrimp on board a commercial shrimp boat found in closed waters was taken in violation of the law relating to commercial shrimping. The evidence at the oral hearing cannot be considered.

"Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." Code § 38-102. There was no evidence submitted that the nets were in use at the time of seizure. The deponent merely swore that he *charged* plaintiff with illegal shrimping and and that he attended the trial, at which plaintiff was *convicted*. Deponent did not even depose that he saw the plaintiff shrimping with power-drawn nets in the sound. To consider the evidence alone of a commercial shrimp boat with power-drawn nets being found in a forbidden sound could subject every shrimp boat returning to home port coming through such sound to seizure.

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED NOVEMBER 3, 1976 — REHEARING DENIED DECEMBER 15, 1976 — 

*James C. Abernathy,* for appellant.
*Arthur K. Bolton, Attorney General, Patricia T. Barmeyer, Assistant Attorney General,* for appellee.