## 32083. DEPARTMENT OF NATURAL RESOURCES v. KEATING.

UNDERCOFLER, Presiding Justice.

This certiorari case presents the novel question whether, under the wildlife laws, the state is entitled to all the proceeds from the sale of shrimp seized aboard a commercial shrimpboat illegally shrimping or only the proceeds from the illegally caught shrimp. And, if the latter, whether the shrimper, or the state, has the burden

of proving which shrimp were legally, or illegally, caught. The trial court granted summary judgment in favor of the state, holding that the proceeds from the sale of all the shrimp aboard were forfeited to the state. The Court of Appeals reversed on procedural grounds,[1] and we granted certiorari to review only the inference in Division 3 that the state is required to prove that all the shrimp seized were possessed in violation of the law. We disagree with that inference, but affirm the Court of Appeals' reversal of the trial court.

John Keating, a commercial shrimper, was charged with the misdemeanor of shrimping in closed waters with power drawn nets in violation of Code Ann. § 45-905. At that time, all the shrimp on his vessel were seized and sold by the state, and the proceeds were deposited with the Clerk of the Camden Superior Court. Keating was found guilty of the misdemeanor, but pursuant to Code Ann. § 45-537, the shrimper filed a claim for the monetary proceeds from the sale of the seized shrimp. The state denied he had a right to any of the proceeds and the state's motion for summary judgment was granted.

Code Ann. § 45-537 provides for seizure of "any wildlife taken, captured, killed or *possessed*[2] *in violation* of the wildlife laws and regulations, which shall be sold or disposed of as the . . . Commission may direct, . . . unless the owner thereof or the person in possession at the time of the seizure files claim, . . . which claim shall be tried as other civil cases in said court."[3] The state argues that this section allows the state to seize all of the illegal shrimper's catch, and that a claim may be filed only by a shrimper found not guilty of illegal possession. The

---

[1] We express no opinion on the procedural bases for the Court of Appeals' rulings.

[2] All wildlife belongs to the state until taken and possessed in compliance with the law. Only then does it belong to its captor. Code Ann. § 45-101.1; *Silver v. State,* 147 Ga. 162 (93 SE 145) (1917). (Footnote added.)

[3] The 1975 amendment, Ga. L. 1915, p. 1288, to this Act is not applicable to this case since the seizure was made under the prior Act. Ga. L. 1970, p. 466.

shrimper, on the other hand, contends that only the shrimp in the net when he was apprehended are subject to forfeiture, and that he may rightfully claim the proceeds from the rest of his cargo.

We think it is clear from the emphasized language in the statute that the state is entitled to the proceeds from only the illegally caught shrimp. This may include shrimp already on board, and not merely those in the nets as the shrimper contends. However, the state is not entitled to the proceeds from the shrimp on board which have been legally caught.

The statute obviously contemplates a civil petition to be initiated by the shrimper, rather than a forfeiture proceeding to be brought by the state. Compare Code Ann. § 45-905 (d). We therefore decide that the legislature intended to put the burden on the shrimper to show which, if any, shrimp were legally caught and for which he is entitled to the proceeds. To rule any other way would be to put an unfair burden on the state where the shrimper is, in such a case, the wrongdoer. Such an action is analogous to a claim in trover where the claimant must prove his right to the converted property. *Abercrombie v. Murray,* 134 Ga. App. 199 (213 SE2d 558) (1975); *Hambrick v. Bedsole,* 93 Ga. App. 192 (91 SE2d 205) (1956).

Since the trial court held that the shrimper had no claim to any of the proceeds from the sale of the shrimp, the reversal of the trial court by the Court of Appeals is affirmed for the reasons stated in this opinion.

*Judgment affirmed. Nichols, C. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

ARGUED MARCH 15, 1977 — DECIDED APRIL 6, 1977.

*Arthur K. Bolton, Attorney General, Patricia T. Barmeyer, Assistant Attorney General,* for appellant.
*James C. Abernathy,* for appellee.