59434. JANKOWSKI et al. v. TAYLOR, BISHOP & LEE et al.

McMurray, Presiding Judge.

This case involves a legal malpractice action brought by the former client, individually and in behalf of others, against his former legal counsel based upon the following uncontroverted facts.

In the Spring of 1972, certain shareholders of the corporation contacted legal counsel concerning a potential lawsuit against one Euley T. Morgan, an officer of said corporation. An oral agreement of representation was reached, and on May 31, 1972, plaintiff Jankowski forwarded to one of the defendant attorneys a list of the shareholders pursuant to a conversation had between plaintiff Jankowski and another of the shareholders. On June 1, 1972, a letter was written to one of these shareholders which confirmed a portion of the agreement, that is, to advise him that the legal firm of attorneys (now a professional corporation) "[p]ursuant to our conversation" would represent the stockholders in their suit against "individuals in Jesup, Georgia for negligence . . ." The terms of representation were as shown in the written letter that a "retainer fee would be $1500.00 to file a suit . . . [and the] . . . fee would be one-third (1/3) of any amounts recovered." The letter further stated that the "$1500 would be credited to any amount that we recover against the Defendants."

The retainer fee was then paid by several stockholders in various amounts. On October 26, 1972, suit was filed in the name of Joseph J. Lahiff as a member of the class "on behalf of himself and all others similarly situated." The suit was against Euley P. Morgan as a director and officer serving in the capacity of president, alleging that he had been "guilty of malfeasance, misfeasance and fraud as principal officer and a director in said corporation by fraudulently eliminating the corporation's interest in . . . [certain] . . . property and acquiring the same himself." Judgment was sought in the sum of $350,000.

Euley P. Morgan answered, admitting jurisdiction, his capacity as a director and officer and the existence of a class of persons consisting of the stockholders, the option to purchase certain property described in the petition, but otherwise denied the claim, contending that the option of the corporation had expired after the stockholders of record failed to exercise the option by purchasing the property which would have required additional cash necessary to exercise said option and admitting further that he, after the expiration of that option, did, while acting as an individual and in no way acting as an officer or director of or joint venturer with said corporation, purchase said property, taking legal title in his own

name. By counterclaim Morgan sought judgment in the form of setoffs against plaintiff Joseph J. Lahiff and also Walter J. Jankowski, purportedly a member of the class of persons arising out of certain notes for which he had been called upon to pay.

No further action was taken with reference to this suit until January 28, 1974, when the case was called for trial, and counsel failed to announce ready, having requested another lawyer to do so who failed to announce ready; and the trial court dismissed the action "without prejudice" for failure of the plaintiff to prosecute same.

On July 10, 1975, upon learning that the suit had been dismissed, counsel for the plaintiffs refiled the suit in the name of Joseph J. Lahiff and Walter J. Jankowski "on behalf of themselves and all others similarly situated" against the same defendant, Euley P. Morgan. Whereupon Morgan answered this suit virtually the same as in the dismissed action, adding thereto that the action is barred by the statute of limitation found in Code Ann. § 22-714 (c) (Ga. L. 1968, pp. 565, 640) which requires that the relief sought must be brought within "four years from the time the cause of action accrued." However, the counterclaim in this instance was in addition to and more elaborate than in the first instance.

On September 4, 1975, the motion of defendant Morgan to dismiss the action came on for a hearing, and the same was sustained, and plaintiffs' complaint was dismissed; but the court's order stated that "[t]his order does not constitute a dismissal of the counterclaim filed by the defendant and against the plaintiffs." Sometime in October, 1976, counsel (defendant law firm herein) were relieved of their duties and other counsel employed.

Whereupon, on April 9, 1979, Walter J. Jankowski, individually and on behalf of the subject corporation, brought the action for legal malpractice against his former legal counsel, individually and as a professional corporation. It is alleged therein that counsel were negligent in allowing the first action to be dismissed, in failing to properly pursue said cause of action in a reasonable and diligent manner and in thereafter attempting to refile said suit after the expiration of the applicable four year statute of limitation, which negligence directly and proximately barred the plaintiff Jankowski and the other shareholders of the corporation from pursuing their otherwise valid and provable claims against Morgan, thereby damaging them in the sum of $350,000. They further contended that a confidential relationship existed between the plaintiffs and defendants who failed to inform the plaintiffs of their negligence in allowing the statute of limitation to expire, said defendants have concealed said act of negligence and in refiling the case against

Morgan thereby naming Jankowski as a party plaintiff, they submitted plaintiff Jankowski to the jurisdiction of the trial court, exposing him to a counterclaim requiring him to defend the claim, although false and malicious, thereby causing him to incur reasonable attorney fees and expenses necessitated by defendants' negligence. Plaintiffs sought judgment against the defendants jointly and severally in the amount of $350,000 plus interest on behalf of the corporation, and in the amount of $4,844.96 plus interest for the plaintiff Jankowski, and reasonable attorney fees for counsel representing plaintiff Jankowski herein.

Defendants moved to dismiss because the action was barred by the applicable statute of limitation as shown on the face of plaintiffs' complaint and because plaintiff Jankowski had not alleged with any particularity that he had made the requisite efforts to have the derivative action initiated by virtue of a demand by him upon the board of directors and his excuse for failure to do so as set forth in the complaint was legally insufficient to justify the failure to make the requisite demand. Further, movants contend that under no circumstances were they liable for the malicious and frivolous counterclaim which was not legally caused by the conduct of these defendants in such action.

After a hearing of a motion to dismiss and based upon an affidavit of one of the defendant counsel and consideration of a supplemental affidavit allowed filed (the plaintiffs given 30 days in which to respond by either further affidavit, brief of law, or other motion), the motion was granted based upon the entire record. Plaintiffs' complaint was dismissed, and they appeal. *Held:*

1. Matters outside the pleadings having been presented to and not excluded by the trial court on defendant law firm's motion to dismiss for failure of the complaint to state a claim upon which relief can be granted, the motion must be treated as one for summary judgment and disposed of as provided in Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759). Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (1) (166 SE2d 369).

2. The alleged written contract upon which plaintiffs rely is a letter from the defendant law firm to a member of the group of shareholders which allegedly employed the defendant law firm. This letter addresses itself only to the fees to be charged by the defendant law firm for representation of the shareholders and its authority to associate any local counsel they deem necessary. This letter does not constitute the entire contract between the parties. "When a contract is not wholly in writing, but is partly in writing and partly in parol,

the entire contract is considered as one in parol." *Shutt & Co. v. Andrews,* 47 Ga. App. 530, 531 (2) (171 SE 219).

In Johnson v. Harrison Hardware &c. Co., 119 Fla. 470 (160 S 878, 879 (1)) the Supreme Court of Florida held: "In applying the statute of limitations, where the evidence of liability relied on is partly set forth in writings in the form of letters and the like, but the writings are incomplete in themselves, or are otherwise so indefinite as to necessitate and make unavoidable plaintiff's resort to oral testimony to make complete the showing of any legal liability incurred by the defendant, under the terms of the transaction of which the writings are made a part, such agreement, partly written and partly oral, must be regarded as an oral contract, the liability arising under which is not founded upon an instrument of writing, and the action to recover thereon must therefore be held to be barred by the statute of limitations unless shown to have been brought within three years, as required [by Florida statute for oral contracts]." See also Spratler v. Ga. Art Supply Co., 295 F2d 379, 380 (5th Cir. 1961) (a case from the United States District Court for the Northern District of Georgia, Chief Judge Frank A. Hooper, presiding).

3. As the contract upon which this lawsuit is predicated must be viewed as an oral contract we must apply the Georgia four year statute of limitation set forth in Code § 3-706.

4. In an action for damages against an attorney at law for unskillfulness or negligence, the statute of limitation runs from the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error. Here the alleged breach of duty occurred when the original shareholders' derivative action against Morgan was dismissed for lack of prosecution on January 28, 1974, or more than four years before the filing of this action. *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583); *Master Mtg. Corp. v. Byers,* 130 Ga. App. 97, 98 (202 SE2d 566).

5. Plaintiffs contend that the defendants fraudulently concealed their breach of duty to plaintiffs and argue this fraudulent concealment serves to toll the running of the statute of limitation which commenced prior to the beginning of the alleged fraudulent concealment. The statute of limitation does not cease to run due to defendants' alleged fraudulent concealment. See in this regard *Callaway v. West,* 56 Ga. 684, 686.

6. The allegations of plaintiff Jankowski's independent claim for damages arising from his defense of the counterclaim initiated against him in a shareholders' derivative action which was filed against Morgan on July 10, 1975, is also barred by the statute of

limitation. It is unnecessary to determine whether this claim should be viewed as arising from the original breach of contract in which case it would be barred under the same four-year statute of limitation as the main cause of action in the case sub judice or whether it should be viewed as an action independent of that original contract and thus an action for damages to the person of Jankowski barred by the two-year statute of limitation as set forth in Code § 3-1004. In either case the statute of limitation has run in regard to this claim.

7. For the foregoing reasons it appears that the applicable statute of limitation has run in regard to all causes of action alleged by plaintiffs. Therefore the trial court did not err in granting summary judgment in favor of defendants as no issues of material fact remain for jury determination.

In view of our holding that the plaintiffs' cause of action, if any existed, is barred by the statute of limitation, it is not necessary to pass upon the remaining enumerations of error presented by the plaintiffs.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 4, 1980 — DECIDED MAY 9, 1980 — REHEARING DENIED MAY 29, 1980 — 

*W. Jan Jankowski,* for appellants.
*Wallace E. Harrell, William R. Waldrop,* for appellees.