65703. PEPPERS et al. v. SIEFFERMAN et al.

QUILLIAN, Presiding Judge.

Plaintiffs-appellants Peppers and Fishburne sued defendant-appellee attorney Siefferman, and his former law partner and partnership, for malpractice. The alleged acts of malpractice and damages arising therefrom occurred prior to 1976. A four-year statute of limitation applied. OCGA § 9-3-25 (Code Ann. § 3-706). Appellants did not commence suit until 1981 and asserted that the statute of limitation was tolled by Siefferman's subsequent fraudulent concealment of his tortious acts. Appellants claim not to have become aware of the alleged malpractice until 1980 when Peppers read in a law school text book a report of a 1972 appellate decision in her case which Siefferman had allegedly mishandled in 1971-73. Appellees' motions for summary judgment were granted, from which this appeal is taken. *Held:*

1. The result in this case is controlled by *Jankowski v. Taylor, Bishop & Lee,* 154 Ga. App. 752 (269 SE2d 871) affirmed by 246 Ga. 804 (273 SE2d 16), which also was a suit for legal malpractice in which the defendant attorneys' motion for summary judgment based on the statute of limitation was granted. In affirming we said: "In an action for damages against an attorney at law for unskillfulness or negligence, the statute of limitiation runs from the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error. Here the alleged breach of duty occurred when an [action] . . . was dismissed for lack of prosecution . . . more than four years before the filing of this action. *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583); *Master Mtg. Corp. v. Byers,* 130 Ga. App. 97, 98 (202 SE2d 566).

" . . . Plaintiffs contend that the defendants fraudulently concealed their breach of duty to plaintiffs and argue this fraudulent concealment serves to toll the running of the statute of limitation which commenced prior to the beginning of the alleged fraudulent concealment. The statute of limitation does not cease to run due to defendants' alleged fraudulent concealment. See in this regard *Callaway v. West,* 56 Ga. 684, 686." Id. at 755.

2. In view of the foregoing holding the remaining enumeration need not be addressed.

*Judgment affirmed. Sognier, J., concurs. Pope, J., concurs in the judgment only.*

Decided April 25, 1983.

*William Lewis Spearman,* for appellants.
Daisy Peppers, *pro se,* Clifford R. Fishburne, *pro se.*
*John C. Parker, Edward L. Savell, T. Ryan Mock, Jr., A. Timothy Jones, John O. Moore,* for appellees.