## 43006. HANSFORD et al. v. ROBINSON.
### (340 SE2d 614)

GREGORY, Justice.

Hansford and Vaughan brought suit to set aside a deed to Peggy Sue Robinson. The trial court granted Robinson's motion for summary judgment. We reverse.

Hansford, Vaughan and Robinson are daughters of Clifford Lyon. On January 4, 1974, Lyon executed a warranty deed to Robinson for property that included his gas station and residence. Lyon died on May 2, 1977. Hansford and Vaughan filed suit on October 4, 1984, claiming the deed was void because of lack of consideration and lack of mental capacity by Lyon.

Robinson filed a motion for summary judgment. In granting the motion, the trial court found no material issue of fact regarding the grounds of (1) lapse of the period of limitations for bringing suit and, (2) lack of mental capacity, and that Robinson was entitled to judgment as a matter of law.

1. The period of limitations applicable to an equitable suit for cancellation of a deed is seven years. *Stephens v. Walker*, 193 Ga. 330 (1) (18 SE2d 537) (1942).

Hansford and Vaughan correctly point out the defense of limitations is an affirmative defense and claim it was not properly raised here. OCGA § 9-11-8 (c) requires affirmative defenses to be raised in a "pleading to a preceding pleading." The issue of a period of limitations was first raised orally by Robinson at the hearing on her summary judgment motion.

Robinson points to *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346 (173 SE2d 723) (1970), and its progeny to support her contention that the defense was properly raised. The court in *Phillips* held that an affirmative defense may properly be raised by motion, or by special plea in connection with the answer, or by motion for summary judgment. Robinson argues that *Phillips* should be extended to cover affirmative defenses orally raised at hearings on summary judgment motions.

We find Robinson's reliance on *Phillips* is misplaced. As the *Phillips* court found, a purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what must be met as a defense. Id. at 346. To allow a party to raise the issue for the first time orally at a hearing on a summary judgment motion without any notice to the opposing party is contrary to this rationale. We note that OCGA § 9-11-56 (c) requires service of a motion for summary judgment on the opposing party at least 30 days prior to a hearing. We find the affirmative defense was not properly raised in this case and the trial court erred in ruling on the period of limitations in granting summary judgment.

2. Hansford and Vaughan contend the trial court erred in granting Robinson's motion for summary judgment because genuine issues of fact were raised showing their father lacked mental capacity to convey property to their sister by deed.

The test for the grant or denial of summary judgment is whether there remains after consideration of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits any genuine issue of material fact. OCGA § 9-11-56 (c). The burden is on the movant to show that no material issue remains, and the pleadings will be construed and inferences from the evidence interpreted favorably toward making and retaining a genuine issue of fact. See *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179) (1961).

A deed may be deemed invalid and canceled in equity on the ground of mental incapacity if the grantor is shown to be entirely without understanding of the deed at the time of execution. *Leachmon v. Leachmon*, 239 Ga. 780 (238 SE2d 863) (1977). Thus, in order to prevail on her motion, the burden was on Robinson to show no genuine issue of fact existed as to her father's mental state when he executed the deed in question and that his mental state met the aforesaid test.

Robinson produced the affidavits of two attorneys who were present when Lyon executed the deed. Attorney Joseph Griggs stated Lyon came into his office alone and asked him to prepare a warranty deed to transfer certain property to Robinson. Griggs stated he had known Lyon had been ill and acted with added caution to insure he was competent to make a deed. Attorney Edward Strain III was the other witness to the deed execution. Strain in an affidavit stated he did not recall the transaction, but that his practice in witnessing deed executions was always to talk with the grantor to be sure he was competent.

In opposition to the summary judgment motion, both Hansford and Vaughan executed their own affidavits. They both declared their father was physically and mentally incompetent during December of 1973 and January of 1974. Additionally, Dr. Robert Eaves executed an affidavit stating that he treated Lyon during March of 1974, and found him to be physically and mentally incompetent at that time. Vaughan, Hansford and Dr. Eaves each stated Lyon was unable to recognize family members, to care for his own personal hygiene or to manage his business affairs. While the affidavits lack specificity, at least portions are factual. The statements that Lyon could not recognize family members nor care for his personal hygiene we view as factual statements.

Robinson is correct in her assertion that to void the deed for lack of mental capacity there must have been an absence of understanding at the time the deed was signed and delivered, *Thomas v. Lockwood,*

198 Ga. 437, 446 (31 SE2d 791) (1944), and that the statements by the two attorneys present at the execution are powerful evidence of Lyon's competency. However, this does not mean the evaluations and statements of Hansford, Vaughan and Dr. Eaves can be totally disregarded. " 'Although, as we have stated, the issue as to contractual capacity is to be determined by the condition of the grantor's mind at the time the deed was executed, we fully recognize the rule that, in determining such an issue, it is permissible to receive and consider evidence as to the state of the grantor's mind for a reasonable period before and after the transaction under investigation; nor do we say that witnesses might not testify to such a previous state of mind as would authorize a finding against contractual capacity at the time the deed was executed, despite evidence of witnesses who were present at the time and testified that the grantor did have such capacity.' " *Petty v. Folsom*, 229 Ga. 477, 478-79 (192 SE2d 246) (1972), quoting *Thomas v. Lockwood*, supra at 446.

We, therefore, find the evidence produced by Hansford and Vaughan was probative and sufficient to raise a genuine issue of material fact concerning the competency of Lyon to execute the deed in question. The trial court erred in granting summary judgment on the issue of mental capacity.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Palmour & Lawson, Robert W. Lawson, Jr.,* for appellants.
*James N. Butterworth,* for appellee.