75265. CONSOLIDATED MANAGEMENT SERVICES, INC. et al.
v. HALLIGAN et al.
(368 SE2d 148)

DEEN, Presiding Judge.

Plaintiffs Ray and Joan Guthrie were the sole owners of plaintiff Consolidated Management Services, Inc. The Guthries retained the defendant accounting firm to provide tax planning and to prepare returns for their individual income taxes for tax years 1977 through 1979 and the corporate return for fiscal year 1979. In April of 1984 the Internal Revenue Service notified the Guthries that an examination report showed underpayment of their individual income taxes for years 1978 and 1979 due to errors in reporting their taxable income. Ultimately, Ray Guthrie was indicted by the federal grand jury for the Middle District of Florida on two counts of fraudulent tax evasion for wilfully understating income from business on the joint individual returns filed by the Guthries for 1978 and 1979. In the meantime, plaintiffs filed this lawsuit alleging professional negligence against defendant accounting firm and its individual partners. Defendant obtained partial summary judgments on the ground some of plaintiffs' prayers for relief were barred by the applicable statute of limitation. After Ray Guthrie was tried and found guilty on both counts of the indictment, the various defendants moved for summary judgment on all remaining claims on the ground that plaintiffs were precluded from recovering from defendants by reason of Ray Guthrie's conviction for tax fraud. Summary judgment was granted to defendants, and plaintiffs appeal.

1. Appellants first contend that the trial court erred in granting partial summary judgment on the basis of the statute of limitations for all acts prior to the four years before the filing of the complaint, because they filed their complaint within four years after they first discovered their injury and its causal connection to appellees' negligence.

Appellants are alleging negligence on the part of appellees, which purports to be a breach of duty in the accountant-client relationship. The evidence showed that appellees were employed to prepare individual tax returns for the years 1977, 1978, and 1979, and a corporate return for 1979. Appellants filed suit against appellees on March 13,

1984. The court below found that appellees were not liable for acts of negligence occurring prior to March 12, 1980, because all such claims were barred by the statute of limitations; and that they were not liable for acts of negligence occurring after June 30, 1980, the date of the dissolution of the accounting partnership.

A breach of duty of professional competence falls within the four-year statute of limitation as set forth in OCGA § 9-3-25. *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92) (1980). Allegations of accountant malpractice are clearly analogous to charges of attorney malpractice where issues of negligence or unskillfulness are raised.

Appellants seek to have the statute of limitations tolled in the same manner as provided under OCGA § 9-3-72, "Foreign objects left in body," which permits a patient to bring an action against a physician within one year after discovery of a foreign object which was negligently left in his body. Appellants also rely on *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461, 465 (330 SE2d 344) (1985), which applies to the "discovery rule" and holds that "a cause of action does not accrue until the injured party becomes aware, or in the exercise of reasonable diligence should have become aware, of his injury or damage." The court goes on to hold that the discovery rule is applicable to OCGA § 9-3-30 and § 9-3-33, which apply to damage to realty and injuries to the person, respectively. It does not apply to the type of injury contemplated in OCGA § 9-3-25, "breach of certain contracts; breach of implied promise." In a malpractice action for damages against an attorney, the statute of limitations runs from "the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error." *Peppers v. Siefferman*, 166 Ga. App. 389 (304 SE2d 511) (1983). See also *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752 (269 SE2d 871) (1980), affirmed 246 Ga. 804 (273 SE2d 16) (1980). This same rule applies in accountant malpractice cases.

2. After partial summary judgment was granted, the issue of the liability of appellees Halligan, Meehan, Shuman and the accounting partnership for appellee Meehan's negligence between March 12, 1980, and June 30, 1980, remained in the case as an issue for trial. Appellees again moved for summary judgment, relying exclusively upon Ray Guthrie's criminal conviction in federal court for tax fraud in the transactions which form the basis for his complaint. Appellants objected to the introduction of Guthrie's conviction record into evidence.

" 'The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' [Cits.]." *Pierce v. Pierce*, 241 Ga. 96, 100 (243 SE2d 46) (1978). "The general

rule in this state is that the criminal conviction is no bar to a subsequent civil action arising from the same occurrence and is not competent evidence in such civil action. [Cits.]" *Keating v. Dept. of Natural Resources*, 140 Ga. App. 796, 798 (232 SE2d 84) (1976), aff'd *Dept. of Natural Resources v. Keating*, 238 Ga. 605 (234 SE2d 519) (1977).

Accordingly, we find that the court below erred in admitting into evidence and considering appellant Ray Guthrie's conviction.

3. Guthrie filed an affidavit stating that he had employed appellee Meehan to prepare his and his wife's personal income tax return, that he delivered complete records regarding the return to Meehan, but Meehan failed to properly prepare the return. As a result, he has incurred considerable expense in connection with the subsequent Internal Revenue Service investigation. In response to interrogatories, Guthrie stated that Meehan failed to file IRS Form 1099 to report a corporate payment to Mrs. Guthrie for secretarial services and failed to report this amount on the couple's joint individual tax return. Appellees do not dispute that Meehan signed the return, or that it failed to include the $6,000, or that Meehan admitted his error to Guthrie's Florida counsel that he failed to prepare the personal and corporate tax returns in a timely fashion. Appellees made only general denials to these allegations.

Applying the rules of construction pertaining to the grant of summary judgment, we find that a genuine issue of fact remained which required jury resolution. *Hansford v. Robinson*, 255 Ga. 530 (340 SE2d 614) (1986).

*Judgment reversed. Carley, Sognier, Benham, and Beasley, JJ., concur. Birdsong, C. J., McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

POPE, Judge, dissenting.

I dissent from the holding of the majority that plaintiffs' claims are not estopped by the criminal conviction of plaintiff Ray Guthrie. The rule set forth in *Pierce v. Pierce*, 241 Ga. 96, 100 (243 SE2d 46) (1978), "that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered," clearly applies where, as in *Pierce*, the defendant in a negligence action seeks to introduce the dismissal or acquittal on criminal charges as evidence of lack of negligence. See, e.g., *Smith v. Goodwin*, 103 Ga. App. 248 (3) (119 SE2d 35) (1961); *Clough v. Greyhound Corp.*, 91 Ga. App. 246 (1) (85 SE2d 476) (1954), rev'd on other grounds, 211 Ga. 574 (87 SE2d 387) (1955). See also *Webb v. McDaniel*, 218 Ga. 366 (127 SE2d 900) (1962) (where, in a civil action concerning the defendant's right to inherit from his deceased wife, it was found to be error to permit the defendant to introduce his acquittal on charges of

murder as evidence he did not intentionally kill his wife); *Palmer v. Wilkins*, 163 Ga. App. 104 (5) (294 SE2d 355) (1982) (where the trial court properly refused to admit evidence that a grand jury had investigated the facts involved in the civil action and had found no ground to indict defendant on criminal charges). The rule has also been applied where the plaintiff in a negligence action seeks to introduce defendant's conviction on criminal charges as evidence of his civil liability for the criminal acts. See, e.g., *Keebler v. Willard*, 91 Ga. App. 551 (1) (86 SE2d 379) (1955).

However, the facts of this case are distinguishable from those involved in the cases cited above. Here, the defendants, in their respective motions for summary judgment, presented evidence that the plaintiff Ray Guthrie had been found criminally guilty of the very acts (or, more appropriately, omissions) of which plaintiffs accused defendants in their civil negligence action. Plaintiffs here allege, inter alia, that defendants negligently omitted income from their joint income tax return "without plaintiffs' knowledge." On the other hand, defendants have shown that Ray Guthrie was convicted on indictments accusing him of knowingly understating income from his joint income tax return. Thus, the issue of Ray Guthrie's knowledge of the omission has already been litigated and decided in the criminal case. To permit plaintiffs to recover in this action would permit them to avoid the legal consequences of Ray Guthrie's conviction. In effect, the bringing of this civil action is an impermissible attempt to collaterally attack the judgment of the federal court.

To admit a criminal conviction as evidence sufficient to support summary judgment in this case would be inconsistent with the longstanding general rule excluding such evidence. However, to exclude the evidence under the particular factual circumstances at hand would permit an unjust result. "The modern tendency seems to be to abandon any such general rule . . . and to approach the problem from the point of view of the particular judgment offered as evidence . . . so that the rule as to the admissibility of a beneficiary's conviction for the murder of the insured in an action on the policy may conceivably differ from that as to the conviction for a traffic violation in a negligence action." Annot., 18 ALR2d 1287, 1289 (1951). Cases from other jurisdictions in which a criminal conviction was ruled admissible have, like the case at hand, involved the situation where a criminal seeks to take advantage of his own wrong by bringing a civil action to transfer liability for that wrong to another. Id.

Perhaps the earliest opinion in which the plaintiff's criminal conviction was found to be conclusive evidence on the issue at trial in the civil case, thereby serving as estoppel in the civil action, was issued by the Supreme Court of Appeals of Virginia in *Eagle, Star &c. Ins. Co. v. Heller*, 149 Va. 82 (140 SE 314) (1927). In *Eagle, Star* the award of

insurance benefits to the plaintiff who had been convicted of arson was reversed. There, the Virginia court set forth in eloquent fashion why the circumstances of that case would not, in fairness, suffer the application of the general prohibition against admitting a criminal conviction as evidence. "The rule of exclusion is a shield for the protection of those who have had no opportunity to assert their defense. To apply it here would be to convert it into a sword in the hands of one who has had such an opportunity, to be used by him for the effectuation of the same fraud which has been established, condemned and punished in the criminal case. If there be a rule which cannot stand the test of reason, it is a bad rule." 149 Va. at 106; 140 SE at 321, supra.

More recently, other jurisdictions have also held the plaintiff to be estopped from bringing a civil action where the plaintiff's own criminal conviction necessarily rests upon a finding of fact which would preclude the plaintiff from recovering in the civil action. For example, in *Wolfson v. Baker*, 444 FSupp. 1124 (M.D. Fla. 1978), the plaintiff brought an action against a brokerage firm and an individual stockbroker alleging that, as a result of the negligence and recklessness of the stockbroker, the plaintiff had been convicted of violating federal securities laws and had sustained specified damages. The U. S. District Court for the Middle District of Florida found that the plaintiff's conviction established he knowingly violated the securities law. By operation of collateral estoppel, plaintiff was precluded from relitigating that fact in the subsequent civil action. The court found that "regardless of mutuality principles, collateral estoppel may nevertheless be invoked where it appears that the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and that application of the doctrine will not result in an injustice to the party against whom it is asserted under the particular circumstances of the case. . . . These same principles apply where, as here, the basis for applying collateral estoppel principles is a prior criminal proceeding against one of the parties." (Punctuation and cits. omitted.) Id. at 1130. Once it was established by collateral estoppel that plaintiff knew of the registration requirements for the sale of his stock, reasons of public policy and the doctrine of *in pari delicto* precluded him from recovering from his broker for alleged failure to advise him of the requirements. Summary judgment was granted to the defendants. See also *Aetna Life &c. Ins. Co. v. Johnson*, 673 P2d 1277 (Mont. 1984) (where an insured convicted of arson was collaterally estopped from recovering from his insurance company); *Casey v. Northwestern &c. Ins. Co.*, 260 Ore. 485 (491 P2d 208) (1971) (where the insured's conviction of assault with a deadly weapon precluded the insured from recovering from the insurance company for the cost of defending the civil action brought against

him by the victim of his crime); *Teitelbaum Furs v. Dominion Ins. Co.*, 58 Cal2d 601 (375 P2d 439; 25 Cal. Rptr. 559) (1962) (where collateral estoppel was applied to preclude plaintiff corporations from recovering from their insurance company for a theft loss where it was shown that the president of those companies had been convicted of conspiracy to commit theft and fraud in regard to the same loss involved in the civil action).

The California court noted in *Teitelbaum Furs*, supra, that earlier cases which held a criminal conviction could not operate as collateral estoppel in a civil action were either decided upon the outdated doctrine of mutuality of estoppel or involved the defendant's attempt to introduce evidence of a prior acquittal. The same may be said of earlier cases decided by the Georgia courts. As noted above, the facts of this case are distinguishable from those in *Pierce v. Pierce*, supra, and other cases in which the defendant was precluded from introducing evidence of acquittal of criminal charges as evidence that he was not liable in negligence. Therefore, we are not bound in this case by the holding in *Pierce*. To the extent the general language in *Pierce* prohibits the use of a previous criminal conviction as evidence in a subsequent civil action under any other circumstances than those present in *Pierce*, it exceeds the scope of the issues contained in that case and may be considered dicta.

In only one instance has this court ruled that a defendant may not introduce evidence of the plaintiff's criminal conviction as collateral estoppel on an issue to be tried in a civil case. In *Keating v. Dept. of Natural Resources*, 140 Ga. App. 796 (2) (232 SE2d 84) (1976), aff'd on other grounds, 238 Ga. 605 (234 SE2d 519) (1977), this court held that plaintiff's conviction could not serve as collateral estoppel of one of the issues he was required to prove in the civil case because there was no identity of parties in the two cases and therefore no mutuality of estoppel. Since *Keating* was decided, the requirement of mutuality of estoppel has been largely abandoned. "The modern trend in applying the doctrines of res judicata and collateral estoppel is to . . . permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action. . . ." *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984). Another ground for the holding in *Keating* was that the issues in the criminal conviction and the civil action were not identical.[1] In the case at hand, as discussed in greater

---

[1] In *Keating*, the plaintiff had been found guilty of illegal shrimping. He brought a civil action to recover from the Department of Natural Resources the proceeds of the sale of all shrimp aboard his boat at the time of his arrest. While his conviction would have proven the shrimp in his net at the time of arrest were illegally caught, it did not prove that other

detail below, the issue decided by the jury in the criminal conviction was identical to the material issue in defendants' defense. Therefore, the case now before us can be partially distinguished from *Keating* on its facts. However, to the extent the *Keating* opinion precluded the admission of plaintiff's criminal conviction on the ground of failure of mutuality, it is outdated and should be overruled.[2]

One reason why acquittal from a criminal charge has not been allowed as evidence in a subsequent civil action is the difference in burden of proof imposed upon the state in a criminal trial and the plaintiff in a negligence action. For example, in *Webb v. McDaniel*, supra, the defendant who had been tried and acquitted of the murder of his wife sought to introduce the acquittal as evidence, under a theory of res judicata, in a civil action brought by relatives of the deceased wife who sought to prevent defendant from inheriting from his wife's estate. As the Supreme Court noted, a finding in the civil action by a mere preponderance of the evidence that the husband had killed his wife with malice aforethought would be wholly consistent with the acquittal in the criminal trial for failure of the state to prove beyond a reasonable doubt the husband had so killed his wife. The acquittal proved nothing at issue in the civil action and thus could not bar the action or any issue involved in it. Implicit in the court's reasoning is the inverse of that rule. A finding of guilt beyond a reasonable doubt by a jury in a criminal action would be wholly inconsistent with a finding of no liability for the same act in a subsequent civil action. Thus, where it has been fully and fairly tried, a verdict of guilt may serve as estoppel in a civil action. Georgia courts permit one who was not a party to an earlier civil action to use the judgment in the earlier action as collateral estoppel in a subsequent civil case. *Watts v. Lippitt*, supra. It is inconsistent for this court to permit a finding on a mere preponderance of the evidence in a negligence action to serve as collateral estoppel in a subsequent negligence action and not to permit a finding beyond a reasonable doubt by a jury in a criminal trial to serve as collateral estoppel in a subsequent civil action where that same fact must be proven only by a preponderance of the evidence.

---

shrimp already on board his boat were also contraband subject to seizure by the state.

[2] Plaintiffs also cite to *Myers v. Barnard*, 180 Ga. App. 192 (348 SE2d 733) (1986), as another example where the defendant was precluded from introducing evidence of the plaintiff's criminal conviction. In that case, arising out of a traffic accident, defendant sought to introduce evidence that plaintiff had been fined for driving without a taillight in support of his motion for summary judgment. This court ruled that the traffic conviction could not be considered as evidence in ruling on the motion. *Myers* is distinguishable from the case now before us, first, because it involved merely a traffic citation and not a conviction for a crime punishable by imprisonment, as discussed infra. Secondly, the conviction in *Myers* was not determinative of the material issue in the case. As noted in the opinion, an inoperative taillight alone is insufficient to warrant a finding that the traffic accident was caused solely by plaintiff's own negligence.

Turning to the facts of the case now before us, it is my opinion that collateral estoppel precludes plaintiffs' claims. In answers to interrogatories, plaintiffs set forth various acts or omissions by defendants which they claim show negligence. On deposition, plaintiff Ray Guthrie admitted that most of these alleged acts of negligence resulted in no measurable damage to him. The gist of plaintiffs' complaint is that they were damaged by the defendants' omission of income on the tax returns "without plaintiffs' knowledge." Plaintiff Ray Guthrie was convicted on indictments accusing him of knowingly understating income from business or profession. Thus, it appears that the issue of Ray Guthrie's knowledge and intent to defraud the government for the very omission of income alleged by plaintiffs has already been litigated and decided against them. Under the factual circumstances of this case, there can be no question but that Ray Guthrie acted as the agent of his wife and his company in filing the returns in question. Therefore, Guthrie's acts are imputable to all plaintiffs. Moreover, the other defendants are in privity with defendant Guthrie and collateral estoppel may properly be imposed against them. Plaintiffs are thus precluded by estoppel from relitigating the issue of Ray Guthrie's own criminal liability for omission of income. This criminal liability should preclude recovery against defendants for omission of income pursuant to the doctrine of *in pari delicto*. A thorough review of the record shows all remaining allegations against defendants either admittedly resulted in no damage to plaintiffs or else such negligible damages that they should be dismissed pursuant to the doctrine of *de minimis non curat lex*.

By asserting that a criminal conviction involving fraud may operate as collateral estoppel against a plaintiff in a civil action, I do not propose that any conviction of a party to a civil action may be admissible as evidence in that action. The admissibility of such evidence, and particularly its sufficiency to operate as collateral estoppel, must be determined according to the factual circumstances of each case. As in any case involving collateral estoppel, the facts must show: (1) that the issue decided in the prior litigation is identical with the one presented in the current action; (2) that the prior action resulted in a final judgment on the merits; and (3) that the party against whom the plea of collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. Accord *Teitelbaum Furs*, supra. The facts must also show that the party against whom the plea of estoppel is asserted had a full opportunity to litigate the issue in question. *Watts v. Lippitt*, supra. Where, as here, the defendant in the criminal action was charged with a crime punishable by imprisonment, we must assume he had every motive to make as vigorous and effective a defense as possible. Only where all these circumstances are present, any issue necessarily decided in a prior criminal proceeding should

also be conclusively determined as to the parties in the criminal proceeding, if that issue is involved in a subsequent civil action. Accord *Teitelbaum Furs*, supra.

I am authorized to state that Chief Judge Birdsong and Presiding Judge Banke join in this dissent.

DECIDED MARCH 16, 1988 —
REHEARINGS DENIED MARCH 31, 1988 — 

*John M. Tatum*, for appellants.
*Frank A. Lightmas, Jr., Joseph J. Berrigan, David R. Smith, Robert H. Putnam, Jr.*, for appellees.