A91A1421. HYMAN v. JORDAN et al.
(412 SE2d 615)

POPE, Judge.

On December 11, 1989, plaintiff filed this action alleging malpractice against attorneys Hill R. Jordan and H. Rhodes Jordan. As pertinent to this appeal, the facts show that in 1982, appellant/plaintiff

Steve Hyman retained the services of Hill R. Jordan, Esq., to represent him in a breach of contract action Hyman wished to file against four defendants. Jordan subsequently filed a complaint on behalf of plaintiff against those defendants in the State Court of Gwinnett County styled *Hyman v. Jessco Jewelry Mfg. Inc.*, Civil Action No. 84C-219-2 [hereinafter the *"Jessco* case"]. On November 22, 1985, Rhodes Jordan, Esq., who practiced with his son, Hill Jordan, executed a dismissal with prejudice of two of the defendants in the *Jessco* case on behalf of his son. At the time the elder Jordan executed the dismissal with prejudice, Hyman had not authorized their dismissal nor had Hill Jordan, Hyman's counsel, authorized his father to execute such a dismissal.

Hill Jordan did not become aware of the dismissal of the two defendants in the *Jessco* case until April 1986. On April 23, 1986, Jordan moved to vacate the dismissal, but the trial court refused to consider the motion because it was not filed during the same term of court as the dismissal of the defendants.

In this case, all parties moved for summary judgment and the trial court granted defendant's motion for summary judgment finding that the applicable statute of limitation had expired before Hyman filed this legal malpractice case on December 11, 1989. Plaintiff appeals from that order.

1. It is well-settled in this state that "[i]n a malpractice action for damages against an attorney, the statute of [limitation] runs from 'the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error.' *Peppers v. Siefferman*, 166 Ga. App. 389 (304 SE2d 511) (1983). See also *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752 (269 SE2d 871) affirmed 246 Ga. 804 (273 SE2d 16) (1980)." *Consolidated Mgmt. Svcs. v. Halligan*, 186 Ga. App. 621, 622 (1) (368 SE2d 148) affirmed 258 Ga. 471 (369 SE2d 745) (1988). The statute of limitation on Hyman's legal malpractice claim against the Jordans began to run on November 22, 1985, the date of the breach of duty, and the complaint was filed on December 11, 1989, more than four years from the date of the breach of duty. Thus, any claim Hyman might have against the Jordans in contract, subject to a four-year statute of limitation, or in tort, subject to a two-year statute of limitation, is time barred. *Ballard v. Frey*, 179 Ga. App. 455, 459 (3) (346 SE2d 893) (1986); *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412-413 (306 SE2d 340) (1983), aff'd 252 Ga. 149 (311 SE2d 818) (1984); OCGA §§ 9-3-25; 9-3-33.

2. Hyman argues that the statute of limitation should be tolled in this case because he contends the Jordans fraudulently concealed their breach of duty to him. "The statute of limitation [in a legal malpractice action] does not cease to run due to defendants' alleged

fraudulent concealment." *Peppers v. Siefferman*, 166 Ga. App. 389 (1) (304 SE2d 511) (1983). " 'The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.' *Riddle v. Driebe*, 153 Ga. App. 276, 280 (265 SE2d 92) [(1980)]; *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243 (1), 245 (296 SE2d 788) [(1982)]. Since [Hyman in opposition to the Jordans' motion for summary judgment] did not show that [he] was prevented or deterred by any act of [defendants] from discovering [their] alleged negligence or from bringing [his] malpractice action, there is nothing upon which [he] can base [his] claim of fraud and the statutes of limitation were not tolled. [Cit.]" *Kilby v. Shepherd*, 177 Ga. App. 462, 463 (339 SE2d 742) (1986).

3. In view of the foregoing holdings, the remaining enumerations of error need not be addressed.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

Steve Hyman, *pro se.*
*Jordan & Jordan, Hill R. Jordan, H. Rhodes Jordan*, pro se.