## 53631. SEAMANS v. MILLER.

QUILLIAN, Presiding Judge.

Plaintiff brought an action on a promissory note in the amount of $15,000. The defendant denied liability, urging that the plaintiff was not a holder in due course of the note. The case was tried by agreement without a jury. The trial judge entered his order, containing findings of fact and conclusions of law, in which he held for the defendant. Plaintiff then appealed. *Held:*

The principal issue involves the plaintiff's status—was he a holder in due course within the meaning of the Ga. UCC § 109A-3—302 (Ga. L. 1962, pp. 156, 252)?

The following facts are involved in our de-

termination of this question. On July 3, 1974 Gloria Spates sold construction and other equipment, together with "her business," to the defendant under the terms of a written contract. The defendant agreed to pay $92,000 and to assume liabilities outstanding on the equipment in the amount of $99,380.24. The $92,000 was paid by giving Mrs. Spates $77,000 in cash and a note in the amount of $15,000. After the conclusion of the above described transaction, defendant contacted the payees of the various debts which he had assumed, and determined that the amount due on the various debts outstanding was some $16,169 more than set out in the contract. In the meantime the note was negotiated by Mrs. Spates to C. L. Pailer, III, and by him to Carl B. Seamans, the plaintiff herein, on May 20, 1975.

The trial judge found as fact: "Said note shows on its face that it was due upon the date on which it was made, that is on July 16, 1974, and that it provided for a rate of interest illegal at that time to wit: 9 percent." Based on this he concluded that the defendant was not a holder in due course. He therefore considered the defense that the defendant assumed a greater obligation than he contracted for and thus could offset such amount.

Where defenses are raised against a note the burden is on the plaintiff to show that he is a holder in due course to effectively cut off such defenses. Ga. UCC § 109A-3—307 (Code Ann. § 109A-3—307; Ga. L. 1962, pp. 156, 256). *Pitillo v. Demetry,* 112 Ga. App. 643, 645 (145 SE2d 792). Therefore, in order to qualify for such status, the plaintiff must show that he took the instrument "(a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Code Ann. § 109A-3—302.

The plaintiff here failed to carry his burden. That being true, his action was subject to all the defenses which would be available on a simple contract. Ga. UCC § 109A-3—306(b) (Ga. L. 1962, pp. 156, 255). *Northside Building &c. Co. v. Finance Co.,* 119 Ga. App. 131 (1) (166 SE2d 608). This is true so long as the defense is "in some way connected with the debt sued on, or the transaction out of which it sprung." *Srochi v. Kamensky,* 118 Ga. App.

182, 186 (162 SE2d 839). Since there was some evidence to sustain the trial judge's findings, the remaining enumerations of error are not meritorious and we affirm the judgment.

*Judgment affirmed. Marshall and Shulman, JJ., concur.*

SUBMITTED MARCH 8, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 29, 1977 — 

Carl B. Seamans, *pro se.*
*Robert A. Blackwood, III,* for appellee.