## 32438. STEPHENS et al. v. STEPHENS.

NICHOLS, Chief Justice.

Eddie Williams and Judge Stephens, appellants, filed an action for ejectment and damages against Judge Stephens' brother, Melvin Stephens, the appellee, alleging that Melvin Stephens was wrongfully in possession of real estate to which the plaintiffs had title. Melvin Stephens answered and asserted that he had title by way of adverse possession under color of title and that the appellants' title was void because their deed was obtained by fraud and undue influence. Judge Stephens obtained his deed to the property from both parents of

Melvin and Judge Stephens, prior to the father's death. Melvin Stephens obtained his deed from the mother only. She deeded the property to Melvin after she had been awarded a year's support from it. The deed to Judge Stephens was dated January 25, 1953, and recorded on January 26, 1953. The deed to Melvin Stephens was dated January 20, 1961, and recorded on January 24, 1961.

The trial court found that although Judge Stephens had been deeded the property in 1953, he never took possession of it, that his parents and his brother, Melvin Stephens, remained in possession continuously and that Judge Stephens made no objection when his mother was awarded one-half interest in the property as a year's support after the death of his father. Further, the trial court found that the record supports the defendant, Melvin Stephens', assertions that he has remained in open, notorious, hostile and adverse possession of said property and that he has filed property tax returns in his name since he was deeded the land in 1961.

The trial court granted the defendant's motion for summary judgment, concluding that the pleadings and exhibits showed that the defendant had been in adverse possession of the land in question as required by Code Ann. § 85-407 and that there remained no genuine issue of material fact to be determined.

1. The appellants enumerate as error the trial court's granting of appellee's motion for summary judgment and argue that there exist genuine issues of material fact as to whether the occupancy of the property by appellee was adverse or permissive.

In responding to the affidavit and other evidence submitted by the appellee in support of his motion for summary judgment, Judge Stephens offered his sworn affidavit containing the following statements: ". . . my brother, Melvin Stephens, remained on the property with my acquiescence and as my tenant. . . I talked with Melvin Stephens on numerous occasions concerning my property and he never, on any occasion, claimed the property as his."

In *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414, 416 (184 SE2d 56) (1971), it was held: ". . . there is a distinction between bare assertions or denials of legal

relationship made by parties to it as opposed to such statements by outsiders. In the first instance the presumption of personal knowledge is strong, and the statement is more like a summary of many facts and the personal understanding of one's status vis a vis another, than a conclusion of law." Judge Stephens has alleged in his affidavit that his brother, Melvin Stephens, occupied the property in dispute as his tenant. Judge Stephens' opinion that a tenancy relationship existed is based upon personal knowledge and is, therefore, more than a mere conclusion of law.

"It should be noted that opinion evidence can be sufficient to preclude the grant of summary judgment . . . If respondent files an affidavit expressing respondent's opinion that the marriage is not irretrievably broken and that there are genuine prospects for reconciliation, then summary judgment should be denied." *Dickson v. Dickson,* 238 Ga. 672, 675 (235 SE2d 479) (1977). In view of *Dickson,* we must conclude that Judge Stephens' affidavit sets forth the requisite specific facts to preclude the grant of a motion for summary judgment.

In deciding whether a motion for summary judgment should be granted, a trial court should give the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) (1962).

"On a motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has the burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973).

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JUNE 15, 1977 — DECIDED SEPTEMBER 7, 1977.

*E. Carl Prince, Jr.,* for appellants.
*Word, Nicholson & Cook, Reuben M. Word,* for appellee.