## 61401. KORNEGAY v. THOMPSON.

McMURRAY, Presiding Judge.

This is a trover action filed in a state court to obtain possession of personal property, that is, a seven and one-half carat blue white diamond ring. The plaintiff alleges the value of the ring as being more than $25,000, with a yearly value of more than $2,000. He seeks judgment for the ring, including hire.

The defendant answered, admitting possession of the ring, but denies that the plaintiff has any title whatsoever to the ring, or the value as being in excess of $25,000 and also denies its hire value. She does admit that she has refused to deliver the ring to the petitioner or to pay him the profits thereof. She adds other defenses of laches, running of the statute of limitation in that she has had the ring in her possession continuously since 1971 (suit filed March 7, 1979), the ring having been given by plaintiff to defendant as an irrevocable gift; improper jurisdiction; and failure to state a claim. By counterclaim she sought judgment for damages for personal injury arising out of an assault and battery by plaintiff seeking to gain possession of the ring, which was wilful, malicious, violent, and unprovoked. She sought actual damages of $4,000 and punitive damages of $5,000. At trial, however, the counterclaim was stricken and is no longer at issue here. Defendant also filed a separate motion to dismiss for failure to state a claim, improper jurisdiction and the suit is barred by the running of the statute of limitation.

By amendment plaintiff shows the residency of the defendant and alleges that she is subject to the jurisdiction of the court, and the conversion of the property occurred less than two years prior to the

filing of the complaint. The motion to dismiss was denied after a hearing, upon no appearance by the defendant and the amendment to the complaint. The case was specially set down for jury trial on a certain date. At the completion of plaintiff's evidence the court directed the jury to return a verdict for the defendant, and the judgment followed the verdict. Plaintiff appeals. *Held:*

1. All suits for the recovery of personal property or for damages for conversion of same shall be brought within four years after the right of action accrues. Code § 3-1003. Plaintiff's evidence is that he had no occasion to request the return of the ring until February 14, 1979, at which time he made such a request. Under plaintiff's claims the possession of the ring was voluntarily surrendered by plaintiff to the defendant for an indefinite time, therefore demand and refusal were necessary to show conversion and the statute of limitation began to run from the date of demand and refusal. *Hicks v. Moyer,* 10 Ga. App. 488, 491, (73 SE 754); *Wood v. Sanders,* 87 Ga. App. 84, 86 (73 SE2d 55); *McDaniel v. White,* 140 Ga. App. 118, 119 (2) (230 SE2d 500).

However, defendant's evidence in regard to the circumstances under which plaintiff demanded the return of the ring is inconsistent with that of plaintiff in many respects. She also contends and so testified that the ring was a gift. If believed by the jury the statute of limitation of four years had long since run.

Plaintiff's evidence as to demand for return of the ring having been made within the preceding four years to the initiation of the action, and the right of action accruing in plaintiff at the time of demand and refusal, if the circumstances as set forth by plaintiff be believed by the jury, is not barred by the applicable statute of limitation. Compare *Wood v. Garner,* 156 Ga. App. 351 (274 SE2d 737). This result is not inconsistent with our decision in *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716, 719 (89 SE2d 816), cited by defendant for the proposition that "the statute of limitations begins to run against a tort action . . . when the damage from the tortious act was actually sustained by the plaintiff."

Under the facts as presented by plaintiff's evidence in the case sub judice, plaintiff was not damaged until his demand for the return of the ring was refused. Accordingly, if the court granted the motion for directed verdict on the ground the statute of limitation had run, this was error.

2. In order to prevail, where title is claimed, plaintiff must present proof of legal rather than equitable title. *Hinchcliffe v. Pinson,* 87 Ga. App. 526, 527 (74 SE2d 497); *Bush v. Smith* 77 Ga. App. 329, 330-331 (2) (48 SE2d 582). In order to present a cause of action for conversion an act of dominion over the personal property

of another inconsistent with his rights or by an unauthorized appropriation must be shown. *Lucas v. Durrence,* 25 Ga. App. 264 (1) (103 SE 36). While it would appear from Code § 107-101 that it would not be necessary to prove a conversion of property in a trover action where the defendant is in possession when the action is brought, the statute has been held not applicable where the property has been lawfully acquired by the defendant. See *Colonial Credit Co. v. Williams,* 95 Ga. App. 76 (97 SE2d 197).

The evidence presented by both parties clearly shows that the defendant lawfully acquired possession of the ring in question. The conflict between the parties arises from their contradicting positions as to their intent which accompanied the transfer to the defendant. Plaintiff contends that he purchased the ring as an investment and entrusted it to the defendant for the purpose of allowing her to wear it. Defendant's contention is that the transfer was an irrevocable gift.

3. The evidence disclosed that plaintiff negotiated for the purchase of the ring in January, 1971. The sales price was set at $10,900. The down payment was made and the balance was paid by plaintiff on March 27, 1971, at which time plaintiff received possession of the ring and carried it to the apartment of defendant and her husband where he delivered it into her possession. No bill of sale was made to the plaintiff, nor did he present any written proof of ownership of the ring. Plaintiff's evidence consisted entirely of his own testimony as to the circumstances surrounding purchase of the ring and defendant's possession thereof.

Plaintiff admitted that at the time of the purchase of the ring defendant's name and an Alabama address of one of her relatives were used in purchasing the ring in order to avoid the Georgia sales tax. Although we in no way condone this admitted violation of our tax laws, the defendant was also party to this conduct and had full knowledge thereof. Because of defendant's knowledge and the lack of evidence of any adverse change of position by defendant in reliance on plaintiff's misrepresentations, this conduct by plaintiff results in no estoppel upon which defendant may rely. Code § 38-116; *Wilkins v. McGehee,* 86 Ga. 764, 770 (13 SE 84); *City of Atlanta v. Anglin,* 209 Ga. 170, 175 (6) (71 SE2d 419); *Gay v. Laurens County,* 213 Ga. 518 (2), 523 (100 SE2d 271); *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875 (2), 876 (134 SE2d 828).

4. In order "[t]o recover in a trover case it is essential that the plaintiff show either title or right of possession, and in some cases it is necessary to establish both." *Underwood v. Underwood,* 43 Ga. App. 643, 645 (6) (159 SE 725). Although title is presumed to follow possession of the property such presumption is rebuttable. *Haas & Howell v. Godby,* 33 Ga. App. 218, 226-227 (3) (125 SE 897); *Powell v.*

*Riddick,* 89 Ga. App. 505, 508 (80 SE2d 70).

Although defendant is the possessor of the personal property in question, plaintiff's testimony goes beyond presenting some suggestion of an equitable title in himself but also presents an issue of material fact as to whether it was the intent of the parties at the time of the transfer of the ring in 1971 that the legal title to the ring vest in defendant. Although defendant has presented weighty and conflicting evidence showing the legal title in herself, the resolution of this conflict in the evidence is for the jury, and the trial court erred in directing the verdict in favor of the defendant.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1981.

*Charles D. Read, Jr.,* for appellant.
*Robert A. Harris, William P. Walker,* for appellee.