65716. HINKLE v. HINKLE et al.

CARLEY, Judge.

Appellant brought the instant trover action against appellees — her former husband and the partners of his law firm — seeking to recover certain furniture that she had originally inherited from her mother. The furniture was being used in the reception area of appellees' law firm. The trial court denied appellees' initial motion for summary judgment but, based upon an expanded record, granted their renewed motion. The trial court ruled that the property was a gift from appellant to appellees. Appellant appeals, contending that issues of fact remain as to whether she made a gift of the furniture or merely loaned it to appellees.

For there to be a valid gift, as appellees contend there was in the instant case, there "must be proof of the *present intention to give, a complete renunciation of right, by the giver, without power of revocation,* and a delivery of the article given or some act accepted in law in lieu thereof. [Cits.]" (Emphasis supplied.) *Stewart v. Stewart,* 228 Ga. 517, 518 (186 SE2d 746) (1972). See also *Gostin v. Scott,* 80 Ga. App. 630, 632(2) (56 SE2d 778) (1949). As in *Kornegay v. Thompson,* 157 Ga. App. 558, 560 (278 SE2d 140) (1981), "[t]he evidence presented by both parties clearly shows that the [appellees] lawfully acquired possession of the [furniture] in question. The

conflict between the parties arises from their contradicting positions as to their intent which accompanied the transfer to the [appellees]."

In opposition to appellees' first motion for summary judgment, appellant filed her own affidavit which stated that she had merely loaned the furniture to appellees. This was sufficient to create an issue of fact concerning whether or not appellant had the present intention to make an irrevocable gift of the furniture that appellees had in their possession. "In order '[t]o recover in a trover case it is essential that the plaintiff show either title or right of possession, and in some cases it is necessary to establish both.' [Cit.] *Although title is presumed to follow possession of the property such presumption is rebuttable.* [Cits.]" (Emphasis supplied.) *Kornegay v. Thompson,* supra at 560 (4).

Appellant's affidavit was entitled to consideration in the context of the trial court's ruling on the renewed motion for summary judgment. Although the affidavit had been filed in opposition to appellees' original motion and had not been specifically republished, integrated or incorporated by reference into the record for the express purpose of consideration on the renewed motion, "a trial judge should always *search the entire record* before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing. [Cit.]" *Sacks v. Bell Tel. Laboratories,* 149 Ga. App. 799, 800 (256 SE2d 87) (1979). Furthermore, as appellant's affidavit was based upon her personal knowledge, the statement therein that she loaned the furniture to appellees is, contrary to appellees' contention, more than a mere conclusion of law. *Stephens v. Stephens,* 239 Ga. 528, 529 (1) (238 SE2d 71) (1977).

OCGA § 53-12-28 (Code Ann. § 108-1126), creating the presumption of a gift between certain near relatives "when one pays the purchase price money for property and causes the conveyance to be made to the other," is clearly inapplicable to the facts of the instant case because there is no contention that any "purchase price money" was paid by appellant for a "conveyance" of the furniture to appellees. Moreover, that statutory presumption is likewise a rebuttable one, "and the rebuttal may be based upon oral evidence." *Bryant v. Green,* 176 Ga. 874, 875 (169 SE 123) (1933). Accordingly, appellant's affidavit would be sufficient to rebut that presumption, even assuming that it were applicable.

While the evidence shows that appellees have possession of the personal property in question, we hold that appellant's affidavit "presents an issue of material fact as to whether it was the intent of the parties at the time of the transfer of the [furniture] . . . that the legal title to the [furniture] vest in [appellees]." *Kornegay v.*

*Thompson,* supra at 561. On motion for summary judgment, the trial court was not authorized to resolve the issues of fact concerning the nature of the transfer and it was error to grant summary judgment to appellees.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 12, 1983.

*William W. Barham,* for appellant.
*James A. Hinkle, Guy J. Notte, Theodore P. Bianco,* for appellees.