70705. CARTER et al. v. DAVENPORT et al.
(334 SE2d 876)

DEEN, Presiding Judge.

In 1972, Norman G. Davenport sold a piece of real estate for which he received a promissory note in the amount of $273,954.27. Davenport's interest in the note was transferred through his estate in 1978 to his sister Ada Davenport. A short time later, Ada Davenport met with an attorney to plan the estate and gift tax consequences of a transfer of a portion of her interest in the note to her brother, Verlie Davenport, and her nephew, Calvin Coolidge Carter. She sent a letter to McCamy, the payor of the note, indicating that she was transferring 30% of her interest in the note to her brother and 20% of her interest to her nephew. She filed a gift tax return with the Internal Revenue Service on the transfer. Verlie Davenport received several

payments under the note and died in 1981 leaving his interest in the note to his wife, Elaine Davenport. She received two annual payments under the note prior to Ada Davenport's death. In 1983, Ada Davenport died leaving a will which named Calvin Coolidge Carter, his wife and their children as co-equal beneficiaries. Calvin Coolidge Carter and his daughter, Sue Carter White, were named as executors under the will and they directed McCamy to pay all monies due under the note to the estate.

On September 4, 1984, McCamy filed a petition for interpleader naming appellants, Calvin Coolidge Carter and Sue Carter White, as executors of the estate of Ada Davenport, and Elaine Chapman Davenport, individually and as executrix of the estate of Verlie Davenport, as party defendants. In his petition, McCamy stated that on September 1, 1972, his predecessor, Metropolitan Tractor Co., became indebted to Norman G. Davenport in the amount of $273,954.27, as evidenced by the promissory note, and that on or about February 6, 1978, the note was assigned to Ada Davenport under Norman Davenport's will and that payments made through September 1, 1982, were made in the manner directed by Ada Davenport. He further asserted that Ada Davenport had died, and that the executors of her estate and Elaine Davenport were both asserting claims which prevented him from safely paying the monies to either and that he was seeking to interplead $6,611.54 due and payable on September 1, 1984. Appellants answered claiming all monies due under the note. Elaine Davenport answered and also asserted a claim. The trial court held a hearing as to the merits of the respective claims and held that appellee Elaine Davenport was entitled to a thirty percent interest in the note. This appeal followed. *Held*:

For the gratuitous transfer of property to be a valid gift three elements must be satisfied: (1) proof of a present intention to give, (2) a complete renunciation of right by the donor without retention of a power of revocation, (3) delivery of the article given or some act accepted in law in lieu thereof. *Hinkle v. Hinkle*, 167 Ga. App. 423 (306 SE2d 705) (1983).

Ada Davenport's present intention to give is set forth in the letter she wrote the payor of the note. She clearly identified the note, the total amount of the note, and the interests she wished her brother and her nephew to have. Her gift tax return is evidence of her complete renunciation of her rights in fifty percent of the note. Only when the donor gives up dominion and control of the property is there a taxable gift. See Treasury Reg. § 25.2511-2. The tax return which is dated two days after the letter to the payor of the note identifies the note, the percentage to be received by each of the donees, fixes the value of the gift and states that both the donees' interests are "undivided."

Appellants argue that delivery of the note has not been proved because the situation is akin to a donor writing a check. They cite *Felder v. Felder*, 71 Ga. App. 860, 862 (32 SE2d 550) (1944), as authority for the proposition that the gift of a note, like that of a check, is a mere promise of a gift and does not constitute a completed gift until payment or acceptance by the drawee, that the donor may revoke it by stopping payment, and it is revoked by operation of law at the death of the donor. An examination of that case indicates that the court was comparing a personal check to a donee's own promissory note. In the instant case, the note in question was not given by the deceased; rather, it was an asset which she held.

We know of no requirement that the note had to be negotiated to be transferred. OCGA § 11-3-202 states that negotiation is a form of transferring an instrument whereby the transferee becomes a holder and requires both endorsement and delivery of the instrument. Appellee does not contend the instrument was negotiated or that she has the status of a holder. The validity of the transfer is, however, not altered by the fact that it was a gift. The donee simply acquires whatever rights the donor enjoyed. Official Comment 6 to § 3-201 (OCGA § 11-3-201) states that the recipient of a gift is not entitled to endorsement. Official Comment 4 to 3-202 (OCGA § 11-3-202) states that "[a]ny endorsement which purports to convey to any party less than the entire amount of the instrument is not effective for negotiation." Partial assignments of an interest are valid and enforceable in equity in this state. *Sanders v. Hepp*, 190 Ga. 18 (8 SE2d 87) (1940). As the assignment was partial and gratuitous, and Verlie Davenport received a valid and enforceable interest as an assignee, an endorsement would have served no purpose. Once the first payment was made to Verlie Davenport, delivery was complete; he acquired the same rights and title to his interest that his sister had enjoyed and that interest was enforceable against all parties subject only to the defenses which could be raised against the maker. *Hazel v. Tharpe & Brooks*, 159 Ga. App. 415 (283 SE2d 653) (1981).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*Dana L. Jackel*, for appellants.
*Martin D. Chitwood, E. Lewis Hansen*, for appellees.