### 72586. MYERS v. BARNARD.
(348 SE2d 733)

BENHAM, Judge.

After a collision between his motorcycle and appellee's car, appellant brought suit against appellee, who answered the suit, served interrogatories on appellant, and then filed a motion for summary judgment, the grant of which is the subject matter of this appeal.

Appellee's defense was that appellant's injuries were the result of his own negligence, not appellee's. In support of his motion for summary judgment, appellee filed an affidavit in which he swore the collision occurred when he came upon appellant sitting on a stationary motorcycle without a taillight on a dark street. Appellee also averred that as a result of the collision, appellant was fined for driving with-

out a taillight, that a charge against appellant of driving in violation of a restriction on his driver's license was dropped with a warning, and that a charge against appellee for following too closely was dropped. Appellant filed an affidavit in opposition to appellee's motion for summary judgment, but the affidavit was filed after the entry of the order granting summary judgment to appellee.

Since appellant's affidavit was not timely (OCGA § 9-11-56 (c)), it was not effective to contradict the averments in appellee's affidavit. However, there was other evidence of record which did contradict appellee's version of the facts. In appellant's answers to appellee's interrogatories, appellant swore that the collision occurred in an intersection, under a green light; appellee's affidavit indicated that he had already passed through the intersection into an unlit area before coming upon appellant. Appellant stated in his answers to the interrogatories that he had begun to move after the light turned green and was moving at 15 miles per hour when appellee struck him from behind; appellee swore that appellant was stationary at the time of the collision. As to the statements in appellee's affidavit concerning the disposition of the various charges in recorder's court, we note that since a criminal conviction cannot be taken as evidence in a civil action to establish the truth of the facts on which the conviction was rendered (*Continental Cas. Co. v. Parker*, 161 Ga. App. 614, 617 (288 SE2d 776) (1982)), and since only admissible evidence should be considered in ruling on a motion for summary judgment (*Equity Nat. Life Ins. Co. v. Shelnutt*, 128 Ga. App. 849 (5) (198 SE2d 350) (1973)), the fact that appellant was found guilty of driving without a taillight was not before the court.

It appears, therefore, that the only part of appellee's version of the event which has not been contradicted on the record is the assertion that appellant's taillight was inoperative. We are unwilling to hold that an inoperative taillight, alone, is enough to warrant a declaration that, as a matter of law, appellant was solely responsible for the collision and that appellee is without liability.

In ruling on a motion for summary judgment, a trial court must give the opposing party the benefit of all reasonable doubts and favorable inferences that may be drawn from the evidence. *Stephens v. Stephens*, 239 Ga. 528 (238 SE2d 71) (1977). Applying that principle, we hold that there remain in this case questions of material fact regarding the circumstance of the collision and the respective responsibilities of the parties. Accordingly, the grant of summary judgment must be reversed.

*Judgment reversed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Pope, and Beasley, JJ., concur. Deen, P. J., and Sognier, J., dissent.*

Deen, Presiding Judge, dissenting.

I must respectfully dissent. Myers filed a counter-affidavit in opposition to the motion for summary judgment in which he claimed that he stopped at an intersection for a red light and had just restarted his motorcycle when he was overtaken by the defendant's vehicle and struck from the rear. He further claimed that at the time of the accident his taillight was in working order and being operated. This affidavit, however, was not timely filed, as it was not filed until one week after the trial court ruled on the motion. In his answers to interrogatories, Myers did not deny that his taillight was inoperative. The only real conflict in the evidence is where the accident occurred. As the accident occurred at approximately 12:45 a.m., he was required to have an operating taillight. While appellant claims that the accident occurred in the intersection and appellee's affidavit states that it occurred after he passed through the intersection, there is no conflict as to the lighting conditions. Appellant's answers to interrogatories do not state what the conditions were, and appellee states that he "proceeded through the intersection of Abercorn Street and Montgomery Crossroads. This is a dimly lit or unlighted portion of Abercorn Street." Therefore, regardless of the conflicting evidence of where the accident occurred, there is no conflict in the evidence that the accident occurred in a dark area and that appellant's taillights were not operating. Accordingly, I find there are no facts requiring jury resolution and would affirm.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED SEPTEMBER 3, 1986.

*Ray Chandlar Smith*, for appellant.
*Stanley M. Karsman*, for appellee.