72908. FOSKEY v. INTERNATIONAL REALTY SALES & EXCHANGES, INC.
(350 SE2d 841)

POPE, Judge.

This case is before the court to review the trial court's granting of a motion for summary judgment to plaintiff/appellee International Realty Sales & Exchanges, Inc. ("International"). Defendant/appellant W. R. Foskey ("Foskey") now appeals and asserts that the trial court erred in granting International's motion.

The undisputed facts show that Foskey executed a promissory note "payable to the order of E. L. Smith General Contractor, Inc." dated March 6, 1980 in "one (1) payment of $3,000.00, payable two (2) years from date." The note and accompanying deed to secure debt were transferred to Sally Caldwell on March 6, 1981. Sally Caldwell

transferred the note and deed to International on February 21, 1985. Foskey has not paid International. International sued, alleging that it is a holder in due course, that the note is due, and that Foskey owes International the amount of the note, plus interest. Foskey answered asserting that International is not a holder in due course and is therefore subject to any defenses that Foskey may have against the original payee. Foskey further asserts that there has been accord and satisfaction with the original payee.

International moved for and was granted summary judgment, the trial court finding "no genuine issue as to any material fact relating to [International's] right to judgment as a transferee of the [subject note.]" "Where defenses are raised against a note the burden is on the plaintiff to show that he is a holder in due course to effectively cut off such defenses. [Cits.]" *Seamans v. Miller*, 142 Ga. App. 147, 148 (235 SE2d 542) (1977). The record in this case clearly shows that International is not a holder in due course because International acquired the note with notice that it was overdue. See OCGA § 11-3-302 (1); *Northside Bldg. &c. Co. v. Fin. Co.*, 119 Ga. App. 131 (1) (166 SE2d 608) (1969). Therefore, International is subject "to all the defenses which would be available on a simple contract . . . so long as the defense is 'in some way connected with the debt sued on, or the transaction out of which it sprung.' [Cit.]" *Seamans v. Miller*, supra at 148. Accordingly, we will turn our attention to whether the record discloses a factual issue regarding Foskey's defense of accord and satisfaction.

In support of its motion for summary judgment International averred that the subject note had not been paid. Foskey countered this assertion by affidavit stating that "upon direction and request of the original payee's president, Mr. Mike Caldwell, [Foskey] painted three homes for Mr. Caldwell . . . with the understanding that his liability on the note in question would be discharged in exchange for this work." Foskey's deposition, although somewhat equivocal in its tenor, does not contradict the averments in his affidavit.

"As a general rule, whether there is accord and satisfaction is a question for the jury. The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is a material issue of fact. The evidence in this case is in conflict, and thus the trial court erred in granting summary judgment for [International.]" (Citations and punctuation omitted.) *Woodstock Rd. &c. Properties v. Lacy*, 149 Ga. App. 593, 594 (254 SE2d 910) (1979). Accord *Peters v. Dealer Supply Co.*, 150 Ga. App. 657 (258 SE2d 203) (1979).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 17, 1986.

*Steven Harrell*, for appellant.
*John R. Francisco, Elizabeth Francisco*, for appellee.