73830. SMOKY MOUNTAIN ENTERPRISES, INC. v. BENNETT.
(359 SE2d 366)

BENHAM, Judge.

Appellee's house burned in a fire started in a fireplace in which
he was using a wood-burning stove manufactured by appellant and
installed by an employee of the hardware store which sold the stove
to appellee. Appellee sued both the manufacturer and the seller, al-
leging as to appellant that the stove was defective and that appellant
failed to give adequate warnings concerning the dangers inherent in
using the stove. We granted appellant's application for interlocutory
appeal in order to review the denial of appellant's motion for sum-
mary judgment.

1. After appellant filed its motion for summary judgment, appel-
lee submitted the affidavits of expert witnesses concerning design and
manufacturing defects in the stove. Appellant argues that the testi-
mony of those same experts on deposition refuted their earlier state-
ments and pierced the allegations of the complaint regarding the exis-
tence of a defect in the stove. We disagree.

Although appellant's counsel elicited testimony from one expert
in which he stated that he found no defect in the stove itself, the
testimony of another of appellee's experts is not so helpful to appel-
lant. That witness had submitted an affidavit in which he stated that
the stove was defectively designed. On deposition, appellant's counsel
elicited testimony from that witness to the effect that the particular
cause of the fire in this case, most likely a creosote buildup due to
placement of the vent of the stove under the lintel of the chimney,
resulted from the placement of the stove into a fireplace too small for
it. However, it was also inferable from that witness' testimony that
the design of the stove was defective in that the location of the vent
in a more forward position than that employed by other stove manu-
facturers rendered it more dangerous in a too-small fireplace than it
should have been.

"Under OCGA § 9-11-56 (c), on a motion for summary judgment

the movant has the burden of showing affirmatively that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Moreover, when the movant is the defendant, he has the additional burden of piercing the plaintiff's allegations and affirmatively negating at least one essential element of the plaintiff's case. [Cit.]" *Capital Ford &c. Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 420 (349 SE2d 201) (1986). "In ruling on a motion for summary judgment, a trial court must give the opposing party the benefit of all reasonable doubts and favorable inferences that may be drawn from the evidence. [Cit.]" *Myers v. Barnard*, 180 Ga. App. 192, 193 (348 SE2d 733) (1986).

Under the principles stated, the inference drawn from the expert's testimony creates a question of fact concerning whether the stove was defectively designed, and prevents the grant of summary judgment to appellant on that issue.

2. As to the issue of the adequacy of the warnings concerning the dangers of installing and using the stove, although uncontradicted testimony established that each stove contained an instruction manual when it left appellant's factory, we find that questions of fact exist with regard to the adequacy of the warnings contained in the manual and with regard to the adequacy of warnings of danger in general. As to the first question, we note that the evidence shows that the instructions concerning placement of the stove's vent referred only to the need to get a good draft, and did not specifically warn of the danger which apparently produced the fire in this case. The second issue is raised by the deposition testimony of one of appellee's experts who opined that the warnings in the manual were sufficient, but that there should have been some externally-posted caution concerning the need to read and adhere to the instructions in the manual supplied.

Given that evidence, and applying the principles stated in Division 1 of this opinion, we find no error in the trial court's denial of summary judgment on the issue of adequacy of warnings.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1987 —
REHEARING DENIED JULY 2, 1987 —

*Richard A. Brown, Jr.*, for appellant.
*J. Kenneth Royal, William A. Zorn*, for appellee.